(No. 31044.—

WILLIAM L. DOYLE, Appellee and Cross Appellant, *vs.*
HELEN D. LUNEY, Appellant.—(JOHN E. DOYLE, Cross
Appellee.)

*Opinion filed May 19, 1949—Rehearing denied September 19, 1949.*

SHELDON & BROWN, and ALEXANDER L. HAGLUND,
both of Sterling, for appellant.

WARD & WARD, of Sterling, for appellee and cross
appellant.

BESSE & BESSE, of Sterling, for cross appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

On June 27, 1946, William L. Doyle filed his complaint
in the circuit court of Whiteside County, praying partition
of two certain tracts of land, one consisting of approxi-
mately 187 acres, and the other tract consisting of 160

acres, which he alleged were owned by himself and Helen D. Luney, as tenants in common, each having a one-half interest therein. Attached to the complaint, and made a part thereof, was a contract entered into in the year 1945, between plaintiff and Mrs. Luney. The appellant, Helen D. Luney, made a motion to strike the complaint upon the ground that the attached contract disclosed that it amounted to an agreement between the parties not to partition. The court sustained this motion. William L. Doyle thereupon asked leave to file an amended complaint, and in the amended complaint, among other things, alleged that the contract was no longer in force and effect because Helen D. Luney had breached the terms thereof. Helen D. Luney answered, and also filed a cross complaint for partition of the two tracts, and set out that John E. Doyle was a necessary party to said partition proceedings. In November, 1946, John E. Doyle obtained leave to intervene in the partition proceeding, and alleged that he was the owner of an undivided one-third part of both of said tracts of land, and also prayed for partition thereof.

The circumstances out of which this rather unusual proceeding arose originated in 1934, when William Doyle and wife, parents of the parties hereto, desired to purchase a residence in the city of Sterling. At that time, the 187 acres of land stood in the name of John E. Doyle, with an encumbrance against it. The 160-acre tract stood in the name of the father, William Doyle, also with an encumbrance against it. In order to raise the money necessary to purchase the residence property it was required to place a mortgage upon the land. William Doyle and wife being aged persons, could not procure an additional loan from the mortgage companies, so an arrangement was made whereby John E. Doyle conveyed to his mother the 187 acres of land, and then she and her husband, William Doyle, conveyed both tracts of land to William L. Doyle and Helen D. Luney, to manage, place mortgages thereon, purchase

the residence for the father and mother, with certain provisions that the respective equities of the parties after payment of their debts all be adjusted. Mrs. Luney was supposed to draw the checks upon the farm account when approved by William L. Doyle. It is claimed neither party observed the provisions of the contract. The father, William Doyle, died in 1945, and the mother in 1946.

Upon the issues formed by the original complaint, the cross complaint, and the intervening petition, evidence was heard before a master in chancery and a decree entered for partition, fixing the interests of William L. Doyle and Helen D. Luney as each being an undivided $\frac{13}{30}$, and John E. Doyle $\frac{4}{30}$ of the 187-acre tract; and also found that William L. Doyle, Helen D. Luney and John E. Doyle each owned an undivided one-third interest in the 160-acre tract. The court also found the amount that each of the parties personally owed, and fixed such amount as a lien against the interests of such party owing the same, subject to the first mortgages upon the premises.

It is to be noted that each of the parties prayed for partition. The appellant, Helen D. Luney, raises two propositions: (1) that partition should have been granted upon her cross complaint, and should not have been granted upon the complaint of plaintiff; and (2) that she suffered damage in the sum of $2000 by reason of the breach by plaintiff of the contract attached to the complaint. We have jurisdiction of this cause because partition is involved, affecting freehold of the property.

Appellant takes the position that, when the court sustained a motion to strike the original complaint of plaintiff, it thereby adjudicated that no cause of action was therein stated. What the court did determine was that the original complaint was defective, but granted appellee, William L. Doyle, the right to file an amended complaint. When the amended complaint was filed it explained wherein the contract was no longer effective because of the breach

of the terms thereof by Helen D. Luney. Such amended complaint took the place of the original complaint which was no longer a material part of the pleading. Helen D. Luney answered the amended complaint, and filed a cross complaint, but that did not eliminate the amended complaint of William L. Doyle as the original pleading in the case. Since all of the parties prayed partition, and the decree of the court awarded partition without specifying it was granted upon the complaint of any one of the parties, appellant, Luney, cannot claim error merely because the court decreed partition upon the prayer of all instead of a particular one of the parties, especially where none of the complaints set out the interests of the parties correctly.

Helen D. Luney also claims she is entitled to damages from William L. Doyle because of the breach of the said contract. He alleges in his amended complaint that she breached the contract. Her answer to this is that the breach was upon his part. Evidence was heard upon this issue, and the master in chancery found against her, and his report was approved by the court. The evidence is not set out in the abstract, and we therefore assume there was sufficient proof upon which to base the findings of the master and the decree of the court. There is no merit in the appeal of Helen D. Luney.

The cross appeal of William L. Doyle is against that part of the decree that finds that John E. Doyle has an interest in the real estate sought to be partitioned. His contention is that when John E. Doyle made a conveyance to his mother of the 187 acres of land, and she in turn conveyed to William L. Doyle and Helen D. Luney under the contract of 1934, John E. Doyle was completely "out of the picture." John E. Doyle contends, however, that his title was placed in his mother's name, and by her in his sister and brother, for the purpose of enabling the latter to make the mortgage to purchase the residence in Sterling for the parents. He contends that at all times his deed

was in fact a mortgage. He was no party to the contract attached to the complaint, and lived in the west for a considerable number of years because of illness. There is a letter in evidence, signed by William L. Doyle, stating that the father had at all times an interest in the 187 acres as well as in the 160 acres.

The evidence regarding all of these issues is very incompletely and inadequately abstracted, which clearly violates Rule No. 38. It is sufficient to say there was evidence heard before the master; the master made his findings based upon evidence which he reports is in the record, which is not set out by Helen D. Luney, and very incompletely set out by cross appellant, William L. Doyle, and we are therefore compelled to hold there is evidence sustaining the intervening petition of John E. Doyle, and the court's decree in that respect is correct.

It is to be observed further that John E. Doyle does not have any controversy with the contention of Mrs. Luney, and she does not contend that John E. Doyle is not entitled to an interest in the property. An examination of the record gives us a distinct impression that because of the age of William Doyle and his wife they were unable to raise the money, back in 1934, sufficient to purchase a home, and that a family arrangement was made by which all of the land was placed in the names of William L. Doyle and Helen D. Luney for the purpose of managing the same, purchasing a house for the parents, and discharging the indebtedness to the mortgage company, and leaving the personal indebtedness of each of the parties in the same relative position it was before the contract had been entered into.

The findings of the master are complete and detailed, and disclose sufficient grounds for the court to approve the same and to enter a decree awarding partition, and fixing the respective liens of the parties against the lands, or the proceeds thereof. There is no evidence set out in the

abstracts which indicates that the findings of the master were incorrect or not based upon the evidence. The circumstances all indicate that the father, in the presence of the entire family, indicated that John E. Doyle still had an interest in the 187 acres of land. William L. Doyle does not pretend to have paid any consideration to become the owner of his brother's interest, and we are convinced that the findings of the master and the decree of the court did equity between the parties. The decree of the court that John E. Doyle was entitled to an interest in the property in question is affirmed.

We, therefore, hold that the decree of the circuit court of Whiteside County be, and the same is, in all respects hereby affirmed.

*Decree affirmed.*